**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARIA Y. RIVERA,

    Plaintiff,

v.                                                                               Case No: 8:17-cv-2636-T-36JSS

BANK OF AMERICA, N.A.,

    Defendant.
_____

**ORDER**

On November 3, 2017, Plaintiff filed her Complaint (Doc. 1), and alleged that this Court has original subject matter jurisdiction over the action pursuant to diversity jurisdiction, 28 U.S.C. § 1332, in that the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. Doc. 1 ¶ 3. A review of the Complaint reveals that Plaintiff has failed to properly establish diversity of citizenship, and thereby has failed to show that this Court has the jurisdiction necessary to entertain this action.

Federal courts "are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1000 (11th Cir. 1982).

In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). "[I]t is the burden of the party seeking federal jurisdiction to demonstrate

that diversity exists by a preponderance of the evidence." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). The citizenship of national banking associations is prescribed by 28 U.S.C. § 1348, which states that national banking associations are "citizens of the States in which they are respectively located." The Supreme Court has explained a national banking association is "located" for purposes of § 1348 "in the State designated in its articles of association as its main office."[1] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

Here, Defendant Bank of America, N.A. ("Bank of America") is a national banking association. However, the Complaint contains no allegations as to the location of its main office as designated in its articles of association, as is required by § 1348. Instead, the Complaint alleges only that Bank of America is a Delaware Corporation with its principal office located in North Carolina. Doc. 1 ¶ 2. Therefore, Plaintiff must list the main office of Bank of America as designated in its articles of association so that the Court can determine if complete diversity exists.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff is directed to **SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order.

---

[1] The Supreme Court did not directly address whether a national banking association is also a citizen of the state where it has its principal place of business, but noted that unlike 28 U.S.C. § 1332, § 1348 does not refer to a principal place of business. *Schmidt*, 546 U.S. at 317 n.9. The Court then stated that the difference was "of scant practical significance" because "in almost every case . . . the location of a national bank's main office and its principal place of business coincide." *Id.* Certain courts have held that under § 1348, national banking associations are citizens only of the state where their main office is located, and not also of the state where they have their principal place of business. *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702 (8th Cir. 2011). Here, because Plaintiff alleges that Bank of America's principal place of business is in North Carolina, and Plaintiff is a citizen of Florida, consideration of the principal place of business would not defeat diversity. Thus, the Court need not address whether the principal place of business must be considered in addition to the main office.

Additionally, within **FOURTEEN (14) DAYS** from the date of this Order, Plaintiff may file an amended complaint which adequately alleges this Court's jurisdiction. Failure to respond within the time provided will result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Tampa, Florida on November 15, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to: All Counsel of Record
All *Pro Se* Parties